Thank you, Your Honor. May it please the Court, my name is David Woodard. I'm here on behalf of Estes West and Estes Express Lines, the defendants in this action. This is, of course, our appeal of the remand order that Judge Collins entered in August reminding us about the state court on a case that we contend should remain in federal court under the Class Action Fairness Act. Your Honor, the gist of my argument, really, to get right to the heart of it, is that the Class Action Fairness Act took great pains to broaden federal jurisdiction. There was a lot of discussion in the Congressional history about its efforts and the ills that it wanted to cure by broadening federal jurisdiction with the Class Action Fairness Act. And our point today, although I have several issues to argue, our point is, is that we should not be deprived of federal court hearing in this matter based on sterile pleadings. Based on what kind of pleadings? Sterile pleadings, untested. Sterile pleadings? Yes, sir. And you mean by, what does sterile mean? Just untested, unchallenged by evidence, that the pleadings themselves would land us back in state court. But that gets to the heart of the issue that's here. In other words, is it the allegations and the complaint that controls, or is the judge allowed to go beyond the allegations and to entertain evidence? And your argument is? Indeed, Your Honor. Our argument, first and foremost, is, of course, that a district court should be required to consider extrinsic evidence of facts that would tend to prove the two prongs of the local controversy exception that we're here talking about today. That being whether a class seeks significant relief from a local defendant and whether the local defendant's conduct formed a substantial basis of the claims that have been asserted. Yeah, this is kind of a tricky question because we're accustomed to the possibility of evidentiary hearings on various forms of jurisdictional points, citizenship, mountain controversy, and so on. Yet the language used for the two provisions, the local action that you're relying on, don't say is or words of being. They say significant relief is sought, and it talks about alleged conduct, which if I weren't sort of bringing into this the ordinary custom with what we do about jurisdictional allegations of allowing some sort of evidentiary hearing, it doesn't sound to me I go beyond what is sought, that is to say what's asked for, or what is alleged, that is to say what's alleged in the complaint. What's your answer to that? Your Honor, my answer to that, pardon me, is that I believe when Congress adopted the Class Action Affairs Act, Your Honor, they were aware of the universal practice of taking evidence on to prove or disprove. Well, and therefore, they put in the word sought and alleged. So I'm not sure. Alleged. That doesn't answer it yet. I understand, Your Honor, and I'm getting to it. Okay. I promise. The alleged, Your Honor, at this point in the game, we're at the pleading stage. We have nothing but alleged conduct. It could be alleged in the complaint. It's alleged in the affidavits that are submitted to the court. This is not the stage where we make a determination over whether one party is liable or not. There's no judicial determination that's necessary saying this is the conduct. It's all alleged conduct. We've alleged what Estes Express Line's conduct is. We think we're right about it. It's still, at this stage, an allegation that's submitted throughout the case. It's an allegation from their side. You've got a declaration. Right. You're trying to put in evidence. Right. And it is this Court's practice to, and long has been this Court's practice, to consider extrinsic evidence, even though there's nothing in Section 1332 that would expressly say that you do that. But the extrinsic evidence that we ordinarily look at for jurisdictional determinations are pretty simple. That is to say, is this person a citizen of this state or the other? Whereas, particularly with respect to conduct formed as a significant basis, oh, boy. I mean, if we're really going to get into a disputed case, how do we have something other than a miniature trial on the merits in order to determine whether not just alleged but actual conduct is a significant basis? I'm trying to figure out how this is supposed to work in a case where there's a real fight as to who did what. Your Honor, there is obviously the opportunity, if it's time of assault, for some limited discovery on a jurisdictional issue. And, again, it's not this is not an issue that needs to be decided with the level of certainty as you would look at for when you're looking for liability. Is this express liable? Did it perform these acts? And can we hold this company liable? But in order to decide whether the conduct forms a significant basis, I mean, if we're fighting on what the conduct is, how do you have, you know, a morning's hearing on this question? How do you do it without extensive, you know, discovery ahead of time? How do we do that in an expeditious way when we're just trying to decide jurisdiction? Well, Your Honor, take this case, for example. This case may be actually fairly straightforward. Right, Your Honor. And we have, well, first of all, no evidence rebutting any of the evidence that we've put on this case. I don't want to divert you to a different issue before you finish talking about the one Judge Fletcher has raised, but I want you to understand as you give your explanation that I don't understand how your evidence absolves West. I mean, ultimately you're saying, well, you should be able to pierce the corporate bail and get through alter ego, get to the parent, but that doesn't absolve the subsidiary. So I don't understand how Estes West doesn't fit within the purview of the statute anyway. Well, Your Honor, what we're looking for here is the real defendant, the target of the lawsuit, the one who engaged in the behavior. Well, the statute recognizes, and lawsuits all the time do, recognize you may have multiple defendants, all of whom are liable. I don't see anything in your submission that suggests why Estes West is not liable. It was the employer of the plaintiff in this class. It was the one that if they were underpaid is directly responsible for the underpayment. The fact that it may have been acting at the direction of its parent doesn't change those facts at all. So how is it that Estes West doesn't fit within the statute as being a California citizen, whose alleged conduct formed a significant basis for the action, so on and so forth? Well, Your Honor, the statute, I understand your point, but the statute doesn't require that the local defendant be essentially fraudulently joined, have no liability in the case. So if it's got liability, how does it not fit within the statute? Well, Your Honor, because we have to focus on, I mean, the statute tells us to focus on which defendant, the local defendant or the out-of-state defendant, whose conduct, which one of those. No. Show me in the statute where it says which one as opposed to both. I mean, the problem here is that it's probably both. If we accept the, if there is liability, which, of course, is not on the table now, but if we accept the contentions of your client and what they've submitted here, they've basically put the parent on the table. They've given up the possibility of separating the parent and the subsidiary. But none of that says why the subsidiary is not liable. And if the subsidiary is liable and is named in the lawsuit, I don't see how it doesn't fit within the local exception. And that just, again, just speaks to one of the elements that we're dealing with, Your Honor, on a significant basis. Well, okay. What other element helps you? The significant relief element. Aren't they sued? Wouldn't a judgment be entered against them? Against Estes West? Sure. Well, if Estes West has a judgment entered against them, Your Honor, that's relief against Estes West. That's our whole point. That's the main target of this lawsuit. You're saying Estes West isn't the main target. And my point is that a judgment is entered against them. That seems to me something you'd want to do if you were a plaintiff. Why would you say that significant relief is not sought against Estes West if Estes West is facing down the barrel of a judgment? Because you have to look behind the pleading, Your Honor. That's the whole point of our argument. What are you looking at? None of this says that Estes West is not liable. And if they are liable, then isn't that the end of the story? Not if a judgment can't be satisfied for them, Your Honor. And you're so confident that it can't be satisfied? Well, that's what all the evidence is. It has no revenue. Wait a minute. Wait a minute. Number one, the district judge did not think it necessary to go there. I also know that an injunctive relief is sought under Claims 6 and 7. So whether they're judgment-proof or not, injunction relief might be effective. Second, I assume they have assets in the state, like trucks and things. I know that since GI, the Estes West company, has been operating after the acquisition by Estes West, excuse me, Estes Express Lines, Estes Express Lines has been acquiring all of the property, all the trucks, the equipment that's used for it. That's set out in our declaration. So you're telling me that Estes West has no assets? I'm telling you I don't know what remained left over from the acquisition, Your Honor. But assuming we have to take the language of the complaint and looking at the statute, district court shall decline to exercise jurisdiction over a class action in which at least one defendant is a defendant from whom significant relief is sought. Now, the complaint did not say we don't care about West, we only care about Estes. Correct? Right. The complaint was, in my view, fairly shot down. It just said everybody did everything. Okay. All right. But that clearly was from whom significant relief is sought. And then secondly, whose alleged conduct forms a significant basis for the claims. There's nothing that Estes did. It all has to do with what West did by controlling the hours of the drivers and all that sort of thing. Isn't that correct? Well, according to the affidavits that we've put in, Your Honor, Estes Express Lines has a lot of control. Who is the employer? I would say that argument, that issue is sort of up in the air, Your Honor. Really? What name is on the check that's issued to employees? Estes West. Who makes reports to the California's version of unemployment insurance? It's Estes West. That's fundamentally uncontestable, I think. You may be telling us that Estes West is a puppet, but that doesn't change the fact that Estes West is facing liability. And that's why I can't figure out what the point of the argument is. I can understand one that says, look, they're just named as a straw figure. They're not going to be liable for anything. But in this case, plainly, that's where the primary liability lies. Your effort is to say, but really the deep pockets are the parent, and so they're going to try to pierce the corporate veil. It's all well and good, but it doesn't mean that Estes West isn't liable. If Estes West is liable, what's left to talk about? The significant relief, Your Honor. You have to quantify significant relief in some way. If you get a judgment, is there any real possibility here that a judgment could be obtained against the parent that isn't also going to be obtained against the subsidiary? It's not a matter, Your Honor, respectfully, of whether a judgment could be obtained. So you think that jurisdiction is going to turn on where the deep pockets are? Yes, Your Honor. Okay. I mean, that's what the body of case law from Evans and Robertson. But you also seem to be saying, I mean, I'm just following your argument, that Estes West is essentially judgment-proof. I'm saying that, for my knowledge, what's in the record, Your Honor, is that they don't have a revenue stream. I don't know the answer to your question. It's different from being judgment-proof. I mean, if they've got assets, I don't care whether they have an asset stream. I mean, if they've got assets that are reachable, they're not judgment-proof. And I just don't know the answer. Well, but you're the one who's saying that you can get no effective relief, so now you're telling me you don't know whether that's even true. Well, Your Honor, I don't know. I know that Estes West, as we put in our declarations, has acquired the company and all the equipment, the tiles, the trucks, and its names since they've acquired this company. But look at your own prayer for relief on page 18 of the complaint, ER 112. You're asking that the court declare that there's a violation of the California Labor Code, and you're asking for general unpaid wages at overtime wage rates and such damages as may be appropriate against defendants, which includes West. It does include West. So I guess I'm baffled by your argument. I'm sorry. We're just following the Robinson line of cases, Your Honor. Robinson v. Chita and the Evans. That's the truck driver, when it's pretty obvious that the truck driver is, if he has any money at all. That, in that case, may or may not be right. But that's the case where the truck driver drives into the bridge about a huge amount of damages, and we've got all kinds of depopped defendants, right? That's that case? That is that case. Evans was the case that there were other corporate defendants involved, and like this case, there simply wasn't any evidence put on by the plaintiff of that. I mean, I don't see Estes West as the equivalent of a poor schmo who happened to be driving a truck. I mean, even if I'm looking at the evidence behind the complaint, I don't see enough evidence on the side of Estes West as judgment-proof in the same way that truck driver would have been judgment-proof. Your Honor. Unless there are other questions, I have about a minute left. Very well. We'll hear from the appellee. Good afternoon. Good afternoon now, Your Honors. Glenn Dannis for our appellee, Bradford Coleman. This case involves purely California state law claims brought by a class solely comprised of California employees where all of the alleged injuries occurred in California against an admittedly California corporation. This is the archetypal interstate class action with absolutely no national impact. Counsel, you've heard the argument and our concerns. Of course, we're dealing with CAFA, and there is a general federal policy under CAFA to keep matters in federal court. But here we do have the local controversy exception, which would, of course, take it out of that general policy. I guess my question is, is it clear from the complaint who the employer was, and is it also clear what precisely was the significant conduct here? How do we get at those two issues? Well, the complaint was filed in state court. Right. And for that reason, because the plaintiff did not have an eye towards trying to establish this exception to CAFA jurisdiction at that time, didn't seek to and need not seek to differentiate precisely between the two entities. Plaintiffs sought to hold jointly and severally liable both Estes West and Estes Express, and did not differentiate or say, you know, this conduct is attributable to them specifically and this to them specifically. Essentially, given that it's an impossibility without any sort of discovery at the outset. Well, let's start with employer. You ought to be able to know who the employer is. Absolutely. So who's the employer here? Estes West is the employer, Your Honor. Is that what you said in the complaint? I believe we referred to them both as the employers. That's my point. Is that enough to get you within the local controversy exception or not? Well, it certainly is under COFI, the only federal appellate case law on point. As Your Honors noted a moment ago, Robinson, which is most likely not even right, and is a federal magistrate's opinion from 2006 in an unpublished Louisiana case, is probably the only case that even raised this issue about having to make some sort of financial assessment at the outset. A couple of cases, the Green case that they cite, did also sort of glom onto that and reflexively incorporate that into its opinions. I would also point out, by the way, that Evans, a case that they did just cite, did not, in fact, require any sort of evidence on prong AA being the financial liability of any of the defendants. That is nowhere in that opinion. That case, in fact, turned on sub BB in a significant basis prong and also was a case where there were 18 different defendants, one of whom was a corporation that had ceased operations of one of its two facilities 60 years prior to the filing of the complaint, which is clearly distinguishable. Now, what about the conduct here? We talked about the employer. What about the conduct? Again, as I read the complaint, it appears to be alleged against all the defendants. Well, it is, Your Honor. And subsumed within that, as the district court, I think, correctly noted, you know, there is direct liability even with respect to Estes West, which would be the fact that Estes West, even according to defendant's evidence, is in charge of, you know, implementing the policies that come to it from Virginia. And your argument is that's enough to keep you within the exception? Absolutely. All right. The reason, as you know from reading our procuring opinion, which, just by total happenstance, the two of us were on that motion stand. We'll let you play this time, Crown. The reason we allowed the appeal to go forward was not so much the facts of the case, but the question as to whether or not the district judge should be allowed or be required to go behind the complaint. What's your view on that and why? Well, Your Honor, what we pointed out in the briefing, and I think, you know, something that came up a little bit with the defendant's argument is the fact that it would create, you know, exactly the swamp that Coffey referred to, to, at the outset of the suit, have essentially a mini-trial taking evidence, most likely having depositions, having sets of interrogatories propounded regarding the financial liability of a defendant, not to mention the fact that the large corporations that were all in favor of CAFA would not want to be or would not want to subject themselves to this sort of discovery at the outset of the suit. And it seems very unlikely. Well, I'm not sure it is so. At least these defendants are quite happy to have it so long as they can stay in Federal court. Well, it seems what these defendants would like is to be able to submit their own declaration and that be the end of it. Well, no, that's clearly not what they're expecting. They're expecting if there's going to be an evidentiary hearing, there's going to be an evidentiary hearing. Let me ask it this way, and I sort of previewed the question before your adversary, and that is we're quite accustomed to evidentiary hearings on certain jurisdictional matters as a sort of prerequisite going forward. Are those particular types of hearings, those questions, somewhat different in terms of their practicalities, whether or not it's a good or a bad idea to have an evidentiary hearing as a prerequisite to establishing jurisdiction? Well, I think that the sort of extrinsic evidence that's generally heard where subject matter jurisdiction is contested is limited to a very specific type of fact. These are facts that are very easily substantiated. It's a very limited purpose, and it's really just to challenge directly allegations of the plaintiff's complaint. Things like, you know, I say I'm a citizen of State X, and they can show with a single document that it's not a citizen or, you know, that that party is not a citizen of that state. Put about a nine, and I think that's true for subject matter jurisdiction because the two central questions in subject matter jurisdiction are going to be amount of controversy, and that tends to be fairly easily resolved, or citizenship, that tends to be fairly easily resolved. But if we move outside of subject matter jurisdiction to impersonum jurisdiction and the question of context, that can be a fairly extensive evidentiary matter. What's your response to that? You're right, Your Honor. I think that in my experience and what I know about personal jurisdiction, there can be more, I guess, expanded fact-finding. You need to know the pattern. You need other contacts. You know, those can go on a little bit. I would add that there is a constitutional dimension to personal jurisdiction that's absent in this particular case, and that could be a distinguishing factor. As a matter of satisfying the Constitution, you simply have to do it. Absolutely. Okay. Anything further, counsel? I would also just add one further thing to Judge Fletcher's question a moment ago, is that the Loudermill case, you know, is another, from this very court, is another situation where the four corners of the complaint is exactly what determines what the standard of proof that the defendant will be put to with respect to the amount of controversy. I'm just adding that. That, I guess, goes to what you were saying a moment ago about, you know, yes, with subject matter jurisdiction we often do limit it to the four corners of the complaint or very limited fact-finding. Anyway, I'd like to reserve, if I have any additional time. No? No, you don't. I don't think so. Okay. Say it or don't. Okay. Thank you, Your Honor. Thank you, counsel. Mr. Woodard, you have a little bit of time left. Just to be very brief, Your Honor, I would say just to Judge Scanlon's — excuse me. Oh, Scanlon? I'm sorry. Judge Scanlon. I'm sorry. He's a good-looking one. Judge Fletcher's question about the difficulty of conducting discovery. And you referred to domicile. I would point out that the — Well, I just said citizenship. Citizenship. I'm going with domicile, corporations, the nursing test, the things like that. They do get a little bit more extensive, Your Honor. The Court hasn't hesitated to wade into and accept evidence on. So I think that's one example of a case where this Court is willing to have parties engage in some more substantial discovery to determine such things as where the employees are, where all the work is done, and all the other relevant factors to be able to determine what the nurse center or principal place of business of the corporation is. Counsel, I don't hear you arguing, at least strenuously, the need to have precise allegations. You heard my colloquy. Counsel seems to say that it's enough to kind of throw out all the defendants, and one of them is going to be the employer, and if that employer is in California, then we get the local exception. What's your response? That it doesn't need to be precise pleading? If you're going to rely on the complaint, if you're relying on the complaint, you need to identify in the complaint the basis for the local controversy exception. If that's the end of the question, which I still disagree that it is, it needs to identify some basis for the Court to point. But as I understand it, you're not really pursuing that argument for a case. We did raise that in our at this moment. We have raised that before in the district court. I cannot remember where it is. I'm talking about here. In this case, Your Honor, the complaint identifies, if anything, both companies as being equally responsible. Right. If he says that's enough, what's your response? Especially with respect to the significant relief prong, Your Honor, that you have to – it's not significant relief. You can't just spit out that we're seeking significant relief. It has to be quantified in some way. Are you familiar with the passage in Evans that discusses that? That discusses the – apparently not. Well, as I read it, it just seems that the language according to Evans, the mere fact that relief might be sought against, in that case, U.S. pipe for the conduct of others on joint liability does not convert the conduct of others into conduct for pipes. So does that apply to the significant basis exception? Right. And we did make that argument in the briefs earlier. And I'll restate it here, Your Honor. When you say in the briefs, are you talking about the briefs here or the briefs in the district court? I think it may have been in the district court brief, Your Honor, but I'm not positive. But is there any claim here that suggests that Estes West's liability is because of the conduct of others? I mean, it's the employer. It's directly liable. The question you're trying to raise, and I understand that, is that if the deep pocket is someplace else so that any payment is going to come from somebody is going to come from someplace else, doesn't undercut the liability of Estes West. So separate from the pleading issue, is there any doubt in this case that Estes West is the employer and is squarely involved in the allegations? It's certainly squarely involved in the allegations, Your Honor. Its name is on the check, as I said earlier, when they cut the check to the employees in California. But again, I think it's clear from the congressional history behind this statute and the intent of the statute that something more than technical liability is required in order for a defendant, a local defendant, to be the one from whom significant relief is sought and the one whose conduct forms the substantial basis of the complaint. And that's the basis of our argument for this court. This went by pretty fast, but I just want to make sure that you focused and had a chance to respond to the following. For claims relief, claims 6 and 7, injunctive relief was sought. And I assume injunctive relief would run against both Estes West and Estes Express. And whether or not Estes West is going to pay any money, it's certainly going to have to comply with injunctive relief. The injunctive relief that I can think of off the top of my head that you're referring to, Your Honor, are the paycheck contents. And California unfair competition law. That's claim 7. With respect to the injunctive relief that relates to the contents of the paychecks, our evidence in the record shows that those checks are cut by Estes Express lines. And claim 7? Claim 7. That's unfair competition law in California. And you're violating the unfair competition law in California for violating federal law. Or you're violating a provision of state law. So that injunctive relief is going to be very broad. And it will still be handed down, directed through Estes Express. Thank you, Counselor. Your time has expired. The case just argued will be submitted for decision. And the court will now adjourn. Thank you.
judges: O'scannlain, Fletcher W. , Clifton